United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

LEONDRE PAIGE,

    Plaintiff,

v.

KATHLEEN ALLISON,

    Defendant.

Case No. 20-cv-07378-RMI

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner Leondre Paige, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court will require Respondent to show cause why the petition should not be granted and why the writ should not issue.

This court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Bell v. Cone*, 535 U.S. 685, 693 (2002). A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner was convicted in state court of first degree murder, and his sentence was enhanced by the finding that he personally used and discharged a firearm causing great bodily injury. *See* Pet. (dkt. 1) at 5. By virtue of the conviction and enhancements, Petitioner was sentenced to serve an imprisonment term of 50 years to life. *Id*. In the course of his direct appeal, Petitioner presented claims, *inter alia*, alleging prosecutorial misconduct as well as ineffective

assistance of counsel. *Id*. at 6. Following his unsuccessful direct appeal, Petitioner engaged in a round of state habeas corpus litigation which came to an end when an adverse ruling was entered against him in the California Supreme Court on September 9, 2020. *Id*. The instant Petition advances the prosecutorial misconduct and ineffective assistance of counsel claims. *Id*. Specifically, Petitioner alleges: (1) that the prosecutor committed misconduct during the evidentiary phase of the trial by impermissibly injecting his own personal opinions and beliefs into the evidentiary presentation and by vouching for the credibility of witnesses for the prosecution (*see id*. at 22-29); (2) that the prosecutor committed misconduct during his closing argument by asking the jurors to consider the consequences and punishments that would result from their potential verdict, by misstating the law on the standards governing implied malice in general, and by misstating the standards governing voluntary manslaughter based on sudden quarrel and imperfect self-defense (*see id*. at 29-33); (3) that trial counsel was ineffective for failing to object at trial to any of the reported acts of misconduct attributable to the prosecutor given that there was a plausible defense-of-others justification for the homicide because the victim had charged into a fight between two other persons while punching and knocking out one of those persons, and given his heavy intoxication during the crime, Petitioner also alleges that his counsel was ineffective for failing to investigate and present the fact of his intoxication to the trial jury by, for example, retaining a toxicologist (*see id*. at 33-39). Construed liberally, the Petition states cognizable claims for relief.

Thus, good cause appearing therefor, the court hereby **ORDERS** the following:

1. The Clerk of the Court shall serve a copy of this Order and the Petition and all attachments thereto upon Respondent and Respondent's counsel, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner and Petitioner's counsel.

2. Respondent shall serve and file with the Court, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, in which Respondent is directed to show cause why the Petition should not be granted and why a writ of habeas corpus should not issue. Respondent shall serve and file

1  with the Answer a copy of all portions of the state record that have been transcribed
2  previously and that are relevant to a determination of the issues presented by the Petition.
3  If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the
4  court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. Respondent may elect to serve and file a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty (30) days of receipt of the motion, and Respondent may file with the court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: October 26, 2020

_____
ROBERT M. ILLMAN
United States Magistrate Judge